IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA POLOKA, )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF PITTSBURGH, )<br>     Defendant. ) | Civil Action No. 2:17-cv-00828-CB<br><br>Judge Cathy Bissoon |

**DEFENDANT CITY OF PITTSBURGH'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant City of Pittsburgh respectfully submits the following Answer and Affirmative Defenses to Plaintiff's Complaint.

**First Defense**

**Jurisdiction**

1.  The allegations contained in paragraph 1 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

**Venue**

2.  Upon information and belief, the venue allegations of paragraph 2 of the Complaint are admitted.

**Administrative Exhaustion**

3.  The allegations in paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

**Parties**

4. Upon information and belief, Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5. Upon information and belief, Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

**Factual Background**

8. Upon information and belief, Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. The allegations of paragraph 9 of Plaintiff's Complaint are admitted.

10. Defendant admits the allegations in paragraph 10 of Plaintiff's Complaint that she was promoted to Master Police Officer in October 2015.

11. Upon information and belief, admitted.

12. Upon information and belief, Defendants admitted.

13. Upon information and belief, Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint. By way of further response, Plaintiff's ex-husband

worked for the City of Pittsburgh as a police officer for approximately three years and was subsequently employed by the Allegheny County Police. Upon information and belief, the PFA Order was resolved in February 2012 through a consent order.

14. Upon information and belief, it is admitted that after the PFA was issued, Plaintiff spoke to the Commander of Zone 1 RaShall Brackney.

15. The allegations in paragraph 15 of Plaintiff's Complaint are denied.

16. Upon information and belief, admitted.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint. By way of further response, Defendant has had the right to transfer and reassign Plaintiff like any other police officer pursuant to the Collective Bargaining Agreement (CBA) that her labor union negotiated and executed on her behalf. The CBA provides Plaintiff a right to grieve a transfer or reassignment she disagreed with or denial of a request for a transfer or days off that she thought she was entitled to then. Defendant is unaware that Plaintiff attempted to exercise her contractual grievance rights about the transfer or reassignment.

18. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

20. Denied.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

22. Denied as stated. Upon information and belief, McDonald was not happy with the work Plaintiff was doing as CIT Coordinator because Plaintiff had contrary to instructions exceeded the intended scope of the position, meant to be a part-time administrative coordinator job.

23. Denied.

24. Denied as stated. It is denied that Defendant treated Plaintiff differently from any similarly situated male police officers.

25. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

26. Denied.

27. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

28. Upon information and belief, admitted.

29. Upon information and belief, admitted that on or about April 11, 2012, Plaintiff resumed duties as CIT coordinator. By way of further response, upon information and belief this CIT position was a time-limited and grant-funded position in conjunction with the Allegheny County Police.

30. Denied as stated. It is admitted that one issue with Plaintiff's performance was a perceived need for more supervision for her to perform her job in an acceptable manner.

31. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

32. Denied as stated. Upon information and belief, in April 2012 a child custody misunderstanding resulted in a police report being filed by the reporting officer, Sgt. Louis Caporali. Subsequent to this incident, Sgt. Caporali filed a Disciplinary Action Report (DAR) based upon Plaintiff's behavior during the child custody dispute. The DAR cited violations of two Police Bureau Rules and Regulations, Standards of Conduct – Conduct Unbecoming a Member or Employee and Conduct Towards Superior Officers and Other Employees.

33. Denied as stated. However, as the DAR made its way up the Chain of Command, it was found that Sgt. Caporali had not completed all the necessary steps and procedures pertaining to the dissemination of the DAR. Consequently the DAR was put on hold.

34. Admitted.

35. Denied.

36. Denied.

37. Denied as stated. It is admitted that Defendant gave Plaintiff verbal counseling.

38. Denied. Defendant's discipline policy provides for an oral warning as the first level of discipline.

39. Upon information and belief, admitted.

40. Upon information and belief, admitted.

41. Denied as stated. Ford was often though not always involved in such transfer decisions. By way of further response, Defendant had a right to transfer and reassign Plaintiff

like any other police officer pursuant to the Collective Bargaining Agreement that her labor union negotiated and executed on her behalf. The CBA provides Plaintiff a right to grieve a transfer or reassignment she disagreed with or denial of a request for transfer. Upon information and belief, Plaintiff never attempted to exercise her contractual grievance rights about allegedly unsatisfactory transfer or reassignments.

42.  It is denied that Defendant could not provide Plaintiff with a reason for the transfer. It is admitted that Defendant subsequently noted a perceived need for supervision.

43.  It is admitted that at a certain time, upon information and belief, Plaintiff was the only full-time female firearms instructor. As for the remaining allegations, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint.

44.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

45.  Denied.

46.  Upon information and belief, admitted that in approximately September 2012, Plaintiff was transferred to Zone 5.

47.  Admitted that Sippey was assigned to the training academy. Denied that he was a less qualified replacement for Plaintiff.

48.  Denied as stated. The physical conditions at the training academy were generally poor but were gradually being improved at the time.

49.  Denied.

50. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

51. Denied as stated. It is admitted that Defendant had multiple grounds for transferring Plaintiff, who upon information and belief, never attempted to file a grievance.

52. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint, as it is unclear what memo is being cited.

53. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

54. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

55. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

56. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

57. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

58. Denied as stated. It is admitted that Davis took over CIT coordinator duties from Plaintiff. Denied that Davis was less qualified.

59. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

60. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

61. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

62. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

63. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

64. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of the Complaint.

65. Admitted.

### Count I —
### Title VII - Sex Discrimination

66. Defendant incorporates by reference its answers to paragraphs 1 through 65 of the Complaint as if set forth in full.

67. The allegations in paragraph 67 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

68. The allegations in paragraph 68 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

The unnumbered "WHEREFORE" clause following paragraph 68 of Plaintiff's Complaint contains Plaintiff's prayer for relief and as such requires no response. To the extent a response is required, those allegations are specifically denied. Defendant denies further that Plaintiff is entitled, either legally or factually, to any of the relief sought in Plaintiff's Complaint.

**Count II —
Title VII - Retaliation**

69.     Defendant incorporates by reference its answers to paragraphs 1 through 68 of the Complaint as if set forth in full.

70.     The allegations in paragraph 70 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

71.     The allegations in paragraph 71 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

72.     The allegations in paragraph 72 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

73.     The allegations in paragraph 73 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

The unnumbered "WHEREFORE" clause following paragraph 73 of Plaintiff's Complaint contains Plaintiff's prayer for relief and as such requires no response. To the extent a

response is required, those allegations are specifically denied. Defendant denies further that Plaintiff is entitled, either legally or factually, to any of the relief sought in Plaintiff's Complaint.

### Count III — PHRA

74. Defendant incorporates by reference its answers to paragraphs 1 through 73 of the Complaint as if set forth in full.

75. The allegations in paragraph 75 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

76. The allegations in paragraph 76 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent they are deemed to state factual allegations, they are specifically denied.

The unnumbered "WHEREFORE" clause following paragraph 73 of Plaintiff's Complaint contains Plaintiff's prayer for relief and as such requires no response. To the extent a response is required, those allegations are specifically denied. Defendant denies further that Plaintiff is entitled, either legally or factually, to any of the relief sought in Plaintiff's Complaint.

Defendants denies any and all allegations of fact not expressly admitted in this Answer.

### SECOND DEFENSE

The Court lacks subject-matter jurisdiction.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff is not entitled to punitive damages.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff has failed to mitigate any alleged damages and is therefore barred from recovery.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendant was not the proximate cause of any alleged injury or damage incurred by Plaintiff.

### EIGHTH DEFENSE

Plaintiff's own actions and/or failure to act were the direct and proximate cause of the alleged injuries and damages.

### NINTH DEFENSE

Plaintiff failed to exhaust administrative remedies and/or institute this proceeding within the applicable statutory period.

### TENTH DEFENSE

Plaintiff has failed to identify comparably situated male employees who were received more favorable treatment.

* * * *

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in its favor, that it be awarded attorneys' fees and costs, and such other and further relief as the Court deems appropriate in this action.

11

A jury trial is demanded.

                                              Respectfully submitted,

                                              LOURDES SÁNCHEZ RIDGE
                                                City Solicitor

                                            <u>s/ Matthew S. McHale, Esq.</u>
                                            Matthew S. McHale, Esq. (Pa. ID No. 91880)
                                               Associate City Solicitor
                                            414 Grant Street
                                            Pittsburgh, PA 15219
                                            matthew.mchale@pittsburghpa.gov
                                            *Counsel for Defendant City of Pittsburgh*